**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>CHIH-YEE JEN,<br>  also known as "Sherman C. Jen,"<br>FINCE TENDIAN, and<br>VLADIMIR NEVTONENKO | Case No. 24 CR 605-4, 5, 6<br><br>Hon. Edmond E. Chang |

**AGREED PROTECTIVE ORDER**

WHEREAS in a case charging a violation of Title 18, United States Code, Section 1832, Section 1835 provides "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws"; and

WHEREAS the United States of America ("the government"), defendants CHIH-YEE JEN, FINCE TENDIAN, and VLADIMIR NEVTONENKO, and defense counsel, have agreed to the following,

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 1835 and Federal Rule of Criminal Procedure 16(d), that:

    **1.**     **Discovery.** Except as provided below, or otherwise agreed by the parties, the government shall provide defense counsel a copy of discoverable materials in this case (the "discovery materials").

1

**2.      Acknowledgement Form.** Prior to their review of the discovery materials, defense counsel and their office staff ("the defense"), defendants, translators, experts, and consultants must sign an acknowledgement of the obligations of this protective order.

**3.      Handling of Discovery Materials.** Defense counsel shall maintain the discovery materials, including any copies the defense makes, as follows:

a.      All discovery materials that are provided to defense counsel are to be used by the defense solely for the purpose of allowing defendants to prepare their defenses (including investigation, trial preparation, trial, and appeal), and not for any commercial or other purpose.

b.      Copies of the discovery materials shall be maintained by the defense at the offices of defense counsel.

c.      A copy of this protective order shall be kept with any copies of the discovery materials.

d.      The only people who may view the discovery materials are the defense, defendants, translators, and any experts or consultants designated by the defense (as detailed below in paragraph 8). Defendants may access and view the discovery materials with defense counsel, in person. Defendants are not permitted to take or possess discovery materials, or copies of discovery materials, outside of defense counsel's office. Copies of discovery materials may not be stored or transported outside of the United States. Defendants may take notes regarding the

discovery materials only at defense counsel's office in the United States and may not take those notes or copies of those notes away from defense counsel's office.

    e.  In no event shall the defense or defendants disclose or describe any of the discovery materials to any other person or entity other than the government, Philips Medical Systems (Cleveland), Inc. and Philips Medical Systems DMC, GmbH (collectively with Philips Medical Systems (Cleveland), Inc., "Philips"), the Court, or individuals who have signed an acknowledgement of the obligations of this protective order as permitted in paragraph 8.

    **4.**  **Court Filings**. Any papers to be served upon the Court by either party during the pendency of this Protective Order which either: (i) include copies of discovery materials that contain any Confidential, Restricted (Internal Use Only), or Attorneys' Eyes Only designation (the "confidential discovery materials"), or (ii) refer to the contents of confidential discovery materials, shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. The filing party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court. If the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of

3

business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other communication failure.

5.  Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph during the pendency of this Protective Order shall be filed under seal with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. The filing party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court. If the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing parties prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other communication failure.

6.  Notwithstanding any other provision of this Protective Order, either party may consult with Philips or its counsel regarding the filings or anticipated filings contemplated in paragraphs 4 and 5.

7.  **Source Code.** Discovery materials containing or referencing Philips source code information, to the extent such material is within the possession of the government, will not be tendered to defense counsel in this matter. Instead,

4

such materials will be made available for the review of defense counsel, subject to the other terms of this Protective Order, at the Government's office at 219 South Dearborn, 5th Floor, in Chicago, Illinois, at a mutually agreed upon date and time. No reproductions or copies of materials containing or referencing Philips's source code will be permitted.

        8.      **Experts and Consultants.** The defense may describe or provide copies of the discovery materials to any expert or consultant retained by them, whether testifying or nontestifying, but:

        a.      The defense may not employ an expert or consultant who is a current consultant, employee, officer, or director of defendants Kunshun GuoLi Electronic Technology Co., Ltd. ("GuoLi") or Kunshun YiYuan Medical Technology Co., Ltd. ("YiYuan"), or who is anticipated at the time of retention to become a consultant, employee, officer, or director of GuoLi or YiYuan.

        b.      The defense may not employ an expert or consultant who works as a consultant, employee, officer, owner, or agent of a competitor to Philips. Moreover, any expert or consultant retained by the defense shall not work as a consultant, employee, officer, owner, or agent of a competitor to Philips for two years following the cessation of this prosecution at the trial court level.

        c.      Any expert or consultant provided with discovery materials must maintain those materials in the United States at all times.

        9.      **Disclosures to Undesignated Parties.** The defense shall promptly notify the government and the Court if any discovery materials are

disclosed to anyone not designated by this Order, or further order of the Court, either intentionally or unintentionally. Defendants and any defense experts or consultants shall promptly notify the defense of any such disclosures.

10. **Media.** All discovery materials that are provided to the defense are to be used solely for the purpose of allowing the defendants to prepare their defenses in the above-captioned case. None of the discovery materials produced by the government shall be disseminated to, or discussed with, the media. However, while the Court may enter other orders in this case, nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

11. **Third-Party Requests or Demands.** Defendants and the defense are required to disclose any request or demand for access to discovery materials to the Court and the government by any third party, regardless of whether the access request is supported by legal authority or accompanied by demands for non-disclosure and must not provide any discovery materials in response to such requests or demands for access until the government has had an opportunity to object.

12. **Obligations on Conclusion of Litigation.**

    a. **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all discovery materials shall be returned to the government unless: (1) the document has been entered into evidence or filed on the public docket without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the defense, that party elects to destroy the documents and certifies to the government that it has done so.

c. **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, the defense may retain (1) attorney work product, including an index that refers or relates to discovery materials, so long as that work product does not duplicate verbatim substantial portions of the discovery materials, and (2) one complete set of all documents filed with the Court, including those filed under seal. Any such retained materials shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use the discovery materials or information contained therein.

13. **Trial and Appeal.** The parties may seek future protective orders, or amendments to this Order, that will govern the use of discovery materials at trial and in any appellate proceedings. In the absence any such future orders or

7

amendments, this Order will continue to govern during the pendency of this litigation.

14. **Relief from Protective Order.** Nothing in this Order shall preclude the parties from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of discovery, or from moving to dissolve the Protective Order in its entirety, as to any category of documents, or as to any particular document.

15. **Amendments.** This Protective Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any proposed amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, which may amend this Order as it sees fit.

ENTER:

DATED: 02/18/2025

Edmond E. Chang
United States District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 24 CR 605 |
| v. | |
| CHIH-YEE JEN,<br>  also known as "Sherman C. Jen,"<br>FINCE TENDIAN, and<br>VLADIMIR NEVTONENKO | Hon. Edmond E. Chang |

**PROTECTIVE ORDER**
**ACKNOWLEDGMENT FORM**

The undersigned individual acknowledges that prior to their review of the discovery materials in the above-named case, they were provided a copy of the protective order in the above-named case, they read the protective order, and understand the obligations of the protective order.

Signature: _____
Printed Name: _____
Date: _____